**Rodney S. JUSTICE, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2013–SC–000281–KB.**

Supreme Court of Kentucky.

June 20, 2013.

### *OPINION AND ORDER*

Rodney S. Justice,[1] under Kentucky Supreme Court Rules (SCR) 3.510, seeks reinstatement to the practice of law following a disciplinary suspension. The Kentucky Office of Bar Admissions, Character and Fitness Committee (Committee), denied Justice's application for reinstatement; and the Board of Governors voted unanimously to adopt that recommendation. This Court agrees with the Committee and the Board of Governors. Justice's request for reinstatement is denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND.

Since his admission to the practice of law *in* Kentucky in 1974, Justice has been the subject of a number of disciplinary matters and suspensions. Justice was suspended from the practice of law for thirty days in August 2006. Although he was technically eligible for automatic reinstatement under SCR 3.510(2), the Office of Bar Counsel (OBC) objected based on the existence of pending disciplinary complaints. The OBC's objection was never withdrawn, and the pending complaints ultimately resulted in Justice receiving two

---

1. KBA Member No. 37124, bar roster address, 1745 E. Azafran Trail, San Tan Valley, Arizona 85140. Justice was admitted to practice law in Kentucky in 1974.

additional suspensions. In September 2007, this Court suspended Justice for sixty days; and, in January 2010, we again suspended him for thirty days.

In May 2010, Justice applied for reinstatement with the Committee,[2] which undertook an investigation.[3] Information obtained by the Committee during the investigation led to yet another disciplinary charge. And, in May 2013, this Court issued an order suspending Justice from the practice of law for thirty days. The proceedings below regarding Justice's application for reinstatement took place before the issuance of the May 2013 Order of Suspension.

In December 2010, the Committee determined that Justice should not be reinstated to the practice of law in Kentucky. Justice requested a formal hearing on the denial of his application for reinstatement. The Committee initially chose to await the outcome of the pending disciplinary charge before holding the hearing. But, in August 2012, the Committee decided to proceed with a hearing despite the ongoing disciplinary proceedings.

The OBC objected to the hearing based on statements Justice made in his brief to the KBA regarding the pending disciplinary charge. The Committee noted that Justice stated in his brief that he had no plans to practice law in Kentucky or any other state and that he considered himself permanently retired from the practice of law. Contrary to these assertions, Justice advised the Committee in September 2012 that he wanted to proceed with the formal hearing on the denial of his reinstatement application.[4]

Before a hearing could be held, Justice was to submit an updated character and fitness questionnaire. He failed to do so. Despite repeated attempts to obtain the questionnaire from Justice, he never submitted the materials. So the Committee denied Justice's request for a formal hearing on the denial of his application for reinstatement.

The Committee also informed Justice that if he did not intend to practice law again in Kentucky, as asserted in his brief to the KBA, his reinstatement was precluded under SCR 2.013.[5] And because his suspension had exceeded five years, if he decided to again practice law in this state and successfully applied for reinstatement, he would have to sit for and pass the bar examination.[6]

The Committee recommended that Justice's application for reinstatement to the practice of law in Kentucky be denied. The Board of Governors adopted the findings of the Committee and unanimously recommended that Justice's application for reinstatement be denied.

We agree with the Committee and the Board of Governors that Justice should not be granted reinstatement to the practice of law in Kentucky. Reinstatement is inappropriate in light of this Court's May 2013 Order suspending Justice from the practice of law for thirty days. Because Justice is currently serving a thirty-day suspension, he cannot be reinstated to practice law in Kentucky. Should Justice seek reinstatement in the future, he must reapply under the applicable subsection of SCR 3.510.

---

2. SCR 3.510.

3. SCR 2.300(1)(d).

4. He also informed the Committee that he had moved to Arizona.

5. SCR 2.013 provides that "[e]very applicant must intend to engage in the practice of law in Kentucky...."

6. SCR 3.510(4).

## II. CONCLUSION.

For the foregoing reasons, Justice's application for reinstatement to the practice of law in Kentucky is DENIED.

All sitting. All concur.

ENTERED: June 20, 2013.

/s/ John D. Minton, Jr.
Chief Justice